## Pyne v. Shoemaker et al., Trustees

*William Brewster*, for plaintiff.
*Edwin Shortz*, for defendants.

VALENTINE, J., February 26, 1937.—Defendant trustees are the successors of Jacob I. Shoemaker, who was named trustee in a deed of trust executed by William S. Shoemaker et al., on January 20, 1876, and duly recorded. Prior to the execution of said trust deed, the grantors therein had, by written lease dated the same day (January 20, 1876) leased the coal "upon, in and under" the land described in said trust deed to Ferdinand Koerner. Upon the forfeiture of the Koerner lease, the trustee, on November 10, 1880, leased the coal to John R. Davis. This lease was terminated and the lessor restored to possession of the property on March 9, 1885.

William S. Shoemaker, one of the grantors, died testate July 17, 1884, and by his will bequeathed his in-

terest in the coal leases made pursuant to the trust deed to Jacob I. Shoemaker and his successors:

"In trust to collect and receive the same and to apply and pay the same in manner as follows: first to the payment of the annuity by this will given to my wife; 2nd, To the payment to each of my said seven children during their respective natural lives of the annual sum of $500 if the remaining royalties shall be sufficient and if not, then the proper proportionate part thereof; 3d, Any surplus to be invested in good and lawful securities and to be kept so invested in equal seventh parts; and when and as my said children shall severally die such seventh part so accumulated and the seventh part of all the royalties aforesaid, thereafter to accrue shall be paid to the child or children of the said decedent who shall then be living, and the issue of any deceased child or children in equal parts, such issue taking always by representation and not per capita, And I do specially order and direct that the said annual sum of $500 from coal royalties above directed to be paid to my children during life shall be used and employed in the education of their children and their own support."

Upon due application by the administrator c. t. a., the orphans' court of this county, on February 13, 1885, authorized the sale of the real estate of decedent, including the coal lands embraced in said trust deed, for the payment of decedent's debts. Such sale was duly had and said real estate, including the coal lands described in the trust deed, purchased by John A. Hutchins. The sale was duly confirmed and the proper deed executed and delivered. Hutchins conveyed said coal lands to the seven children of decedent, William S. Shoemaker, of whom Emmeret M. Durland was one.

Thereafter, Jacob I. Shoemaker and his successors in said trust paid the proportion of the royalties due to the grantees of Hutchins absolutely and not under the provisions of the will of William S. Shoemaker.

Emmeret M. Durland, daughter of William S. Shoemaker, died June 15, 1909, testate, and by her will provided:

"I give, devise and bequeath all my interest in my coal royalties to my husband Denton D. Durland and my daughters Jennie M. Pyne and Grace Somers and hereby direct that the Trustee of said royalties shall pay to them in equal shares."

Thereafter the royalties were paid as devised by her will.

Upon the death of Denton D. Durland, surviving husband of Emmeret D. Durland, intestate, in 1914, each of the four children of Emmeret M. Durland and Denton D. Durland inherited a one-fourth interest in their father's estate. Thereafter Jennie M. Pyne was paid five twelfths of one seventh of the coal royalties from said coal lands. These payments were made to her under the Hutchins deed, the will of Emmeret M. Durland, and as heir and next of kin of Denton D. Durland.

Jennie M. Pyne devised and bequeathed her entire estate to her husband, William Pyne, and, after her death in 1928, her surviving husband was paid five twelfths of one seventh of said coal royalties. These payments were made by virtue of the orphans' court sale, the will of Emmeret M. Durland, decedent's inheritance from Denton D. Durland and the will of Jennie M. Pyne.

William Pyne, surviving husband of Jennie M. Pyne, subsequently married plaintiff and died in November 1935, testate. Under the terms of his will, duly probated, his entire estate was devised and bequeathed to plaintiff.

Defendant trustees now have in their possession certain funds paid as royalties under a coal lease of the lands described in the trust deed. Five twelfths of one seventh of the said funds amount to $1,249.58.

The trust deed from William S. Shoemaker et al. conveyed to Jacob I. Shoemaker, trustee, and his successors all the coal "in, under and upon" the land described

therein and which was subsequently sold by order of the orphans' court for the payment of the grantor's debts.

It is the contention of counsel for certain of the beneficiaries under the trust deed and under the will of William S. Shoemaker that after the execution of the trust deed the grantor "had no right, title or interest in the coal under or upon the premises described in the deed of trust," and that the orphans' court sale conveyed no title to the mineral rights, but title to the surface only.

If the orphans' court sale to Hutchins passed title to the minerals, plaintiff is entitled to a five-twelfths interest in one seventh of the coal royalties. If the sale to Hutchins passed no title to the coal she is relegated to her interest under the will of William S. Shoemaker and would take a three-twelfths interest in one seventh of the royalties.

The conveyance to Jacob I. Shoemaker was for a limited purpose, viz., for the more convenient leasing of the coal. As expressed by Mr. Justice Sadler in Shoemaker's Account, 277 Pa. 424, 426:

"The purpose of the arrangement was to have all of the land mined as an entirety, which could be more advantageously done, and to secure to each owner his proper return, every one to be ultimately compensated for the 'actual quantity of merchantable coal furnished to the whole.' "

Upon the execution of the deed of trust the grantors became the equitable owners of the property described therein. That this interest could be conveyed or encumbered by them is undoubted.

In Burgess v. Wheate, 1 Eden 177, 28 Eng. Repr. 652, Lord Mansfield declared that the cestui que trust is actually and absolutely seized of the freehold, in consideration of equity, and therefore the legal consequences of the actual seizin of the freehold should follow.

The legal title taken by the trustee was merely nominal. He took the same for the benefit of the grantors designated in the trust deed. The trust deed became the mere instrument for the preservation and furtherance of

the trust. The interest of the various beneficiaries was subject to transfer or sale: A. L. I. Restatement of Trusts §132. So also such interest could be reached by the creditors of a beneficiary during his lifetime: A. L. I. Restatement of Trusts §147; or after his decease: A. L. I. Restatement of Trusts §148. The trust deed did not work such a transfer of the coal lands as to place the same beyond the reach of the creditors of the beneficiaries, nor did the coal lease executed by the trustee, pursuant to the authority conferred upon him by the trust deed, work a conversion of the coal lands as against the will of the creditors of the cestui que trust: See Leiper's Executors v. Irvine, 26 Pa. 54.

In Coolbaugh v. Lehigh & Wilkes-Barre Coal Co., 213 Pa. 28, it was held that a lessor's interest in a coal lease was subject to the lien of a judgment and that a sheriff's sale of such interest passed to the purchaser the right to the share of the royalties previously paid to defendant in the execution.

For half a century the coal royalties have been distributed upon the assumption that the orphans' court sale passed to the purchaser the right to the receipt of the royalties arising from the mining of the coal from the tract embraced in the trust deed, and we see no reason why such distribution should now be declared invalid: See Shoemaker's Account, supra.

Therefore, now, February 26, 1937, judgment is directed to be entered in favor of plaintiff and against defendant trustees for the sum of $1,249.58.

From Frank P. Slattery, Wilkes-Barre.